UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

| | |
|---|---|
| ANTTWAINE M. DUNLAP, | ) |
| Petitioner, | ) Civil No. 7: 22-075-WOB |
| V. | ) |
| DEPARTMENT OF JUSTICE, *et al.*, | ) **MEMORANDUM OPINION** |
| Respondents. | ) **AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Petitioner Anttwaine M. Dunlap is a federal inmate currently confined at the at the United States Penitentiary ("USP")-Big Sandy located in Inez, Kentucky. Proceeding without an attorney, Dunlap has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] and has paid the $5.00 filing fee. [R. 1-3] Thus, this matter is before the Court to conduct the initial screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

The Court has reviewed Dunlap's petition and finds that it must be denied, as he is not entitled to relief for the claims raised in his petition. Dunlap's § 2241 petition seeks relief pursuant to the Privacy Act, 5 U.S.C. § 552a, in the form of an Order directing the United States Probation Department and the Federal Bureau of Prisons ("BOP") to "correct the information in his file" by amending Dunlap's Pre-Sentence Report ("PSR") to remove two prior state offenses that were vacated after his federal sentencing. [R. 1] According to Dunlap, the federal agencies' failure to amend his PSR prevents him from obtaining additional relief from his federal sentence to which

he believes he is entitled under Amendments 706 and 782 to the United States Sentencing Guidelines. [*Id.*].[1] Dunlap also claims that the failure to amend his PSR impacts his BOP custody classification, as well as his eligibility to participate in various rehabilitation programs and jobs available at lower-level institutions.

As a threshold matter, there is ample reason to doubt whether Dulap may bring this claim in a § 2241 petition at all. Habeas corpus is generally limited to reviewing agency action that affects the very fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). To the extent that Dunlap seeks to amend his PSR because the inclusion of now-vacated prior offenses impacts his custody classification and his eligibility to participate in prison programs, such matters are not cognizable in a habeas proceeding. Rather, because these concerns relate not to the duration of a prisoner's sentence, but to the conditions of his confinement, they must be pursued (if at all) as a civil rights action filed pursuant to 28 U.S.C. § 1331. *McCrary v. Rios*, No. 08-CV-206-ART, 2009 WL 103602, at *4 (E.D. Ky. 2009) (because the petitioner's claims challenging his security classification and place of confinement claims "do not challenge the fact of his conviction or the duration of his sentence, they may not be asserted in a habeas corpus petition pursuant to Section 2241 [but are instead] 'conditions of confinement' claims which may only be asserted in a civil rights action under 28 U.S.C. § 1331."). *See also Wilson v. Williams*, 961 F.3d 829, 837-838 (6th Cir. 2020) (noting that claims challenging fact or extent of confinement are properly brought under § 2241, while "conditions of confinement claims seeking relief in the

---

[1] According to Dunlap, he has already received relief from his sentence under the First Step Act. Although his first request for a sentence reduction under the First Step Act was denied by the United States District Court for the Eastern District of Virginia (the sentencing court), on March 25, 2020, the sentencing court granted Dunlap relief and reduced his sentence from a term of life plus 60 months imprisonment to a term of 420 months plus 60 months, to be served consecutively. [R. 1 at p. 2-3; R. 1-1 at p. 10, 16]

form of improvement of prison conditions or transfer to another facility are not properly brought under § 2241.") (citing *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013)); *Taylor v. Ives*, No. 11-CV-256-GFVT, 2012 WL 6506995, at *2 (E.D. Ky. Dec. 12, 2012) (collecting cases). In these circumstances, the Sixth Circuit Court of Appeals has clearly instructed that a "district court should dismiss the § 2241 claim without prejudice so the . . . petitioner could re-file as a [civil rights] claim." *Luedtke*, 704 F.3d at 466 (citing *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004)).

Moreover, Dunlap is not entitled to the relief that he seeks under the Privacy Act. While the Privacy Act allows an individual to file a civil action against an agency which refuses to amend its records upon request or fails to accurately maintain its records, *see* 5 U.S.C. § 552a(g), the Privacy Act also allows an agency director to promulgate regulations *exempting* certain agency records from the Act in various circumstances. See 5 U.S.C. § 552a(j)(2). The Department of Justice has promulgated regulations pursuant to 5 U.S.C. § 552a(j) to exempt the BOP's Inmate Central Records System from the access and amendment provisions of the Privacy Act.[2] See 28 C.F.R. § 16.97(j). Thus, a federal inmate may not bring a civil action under the Privacy Act seeking amendment of their PSR. *See White v. United States Probation Office*, 148 F.3d 1124, 1125 (D.C. Cir. 1998) (per curiam) (because the regulations exempts presentence reports and BOP inmate records from the amendment provisions of the Privacy Act, the plaintiff is barred from seeking amendment of his PSR); *Deters v. United States Parole Comm'n*, 85 F.3d 655, 658 n.2 (D.C. Cir. 1996); *Register v. Lappin*, 07-CV-136-JBC, 2007 WL 2020243, at *3 (E.D. Ky. July 6, 2007) (petitioner not entitled to amendment of his custody classification form under Privacy Act since

---

[2]The Inmate Central File maintained for all inmates by the BOP includes an inmate's PSR. *See* BOP Program Statement 5800.17, Inmate Central File, Privacy Folder, and Parole Mini-Files at ¶6(g)(1)1 (April 3, 2015), *available at* https://www.bop.gov/policy/progstat/5800_017.pdf.

BOP regulations exempt the form from amendment requirements). *See also Harrison v. Federal Bureau of Prisons*, 248 F. Supp. 3d 172, 180-81 (D.D.C. 2017); *Allmon v. Federal Bureau of Prisons*, 605 F. Supp. 2d 1 (D.D.C. 2009).

Finally, to the extent that Dunlap's § 2241 petition could be broadly construed to raise a challenge to his sentence on the grounds that two of the prior offenses upon which his sentencing enhancement was based have since been vacated, this Court does not have jurisdiction over this claim. When a federal prisoner collaterally attacks the validity of his sentence (including the use of prior convictions for purposes of a sentencing enhancement), he must ordinarily proceed under 28 U.S.C. § 2255, not § 2241. *McCormick v. Butler*, 977 F.3d 521, 524 (6th Cir. 2020). Thus, a federal prisoner generally may not use a § 2241 petition to challenge the enhancement of his sentence, but must instead file a motion under § 2255 in the court that sentenced him. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to the prohibition against challenging a conviction or sentence in a § 2241 petition, allowing such a petition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (per curium). To properly invoke the savings clause to challenge a sentence in a § 2241 petition, a petitioner must show that, after his conviction became final, the United States Supreme Court issued a retroactively applicable decision establishing – as a matter of statutory interpretation – his federal sentence is excessive because a prior conviction used to enhance his or her federal sentence no longer qualifies as a valid predicate offense. *Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016). In addition, "a federal prisoner cannot bring a claim of actual innocence in a § 2241 petition

through the saving clause without showing that he had no prior reasonable opportunity to bring his argument for relief." *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756.

Here, Dunlap claims that his sentence is no longer valid because two of the prior convictions upon which it was based have since been vacated. However, he does not point to a retroactively applicable (and previously unavailable) Supreme Court decision of statutory interpretation establishing that one or more of his prior convictions no longer qualifies as a valid predicate offense. Rather, he argues that, as factual matter, two of his prior convictions upon which his sentence enhancement was based have since been invalidated. However, a prisoner seeking to collaterally attack his federal sentence on the ground that a state conviction used to enhance his sentence has since been vacated may file a motion under § 2255. *See Johnson v. United States*, 544 U.S. 295, 298 (2005) (holding that the 1-year statute of limitations in § 2255(f) begins to run "when a petitioner receives notice of the order vacating the prior conviction, provided that he has sought it with due diligence in state court, after entry of judgment in the federal case with the enhanced sentence.").

In fact, Dunlap filed a motion to vacate his sentence under § 2255 on these same grounds in the court that sentenced him and his motion was denied as an unauthorized second or successive § 2255 motion. *See United States v. Dunlap*, No. 4:03-cr-070-RBS-FBS-1 at R. 148, 151 (motion to vacate); 155 (order denying motion). Dunlap filed a notice of appeal with the United States Court of Appeals for the Fourth Circuit, but the Fourth Circuit declined to issue a certificate of appealability. *United States v. Dunlap*, No. 21-6556 (4th Cir. July 2, 2021 Order). "The § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been

denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate." *Charles*, 180 F.3d at 756 (cleaned up). That, as a procedural matter, Dunlap failed to request permission from the Fourth Circuit Court of Appeals before filing a second or successive § 2255 motion does not render the remedy under § 2255 "unavailable" for purposes of the savings clause of § 2255(e).

Because the § 2255 remedy is not "inadequate or ineffective" to address Dunlap's claim, he may not proceed with a challenge to his sentence in a § 2241 petition. And because the savings clause of § 2255(e) is a jurisdictional bar that a petitioner must clear prior to bringing a challenge to his conviction or sentence in a § 2241 proceeding, the failure to meet these requirements mandates dismissal of the § 2241 petition for lack of subject-matter jurisdiction. *Taylor*, 990 F.3d at 499-500 ("Unless [the petitioner] proves that a section 2255 motion is inadequate or ineffective to challenge his sentence, no court may entertain his application for a writ of habeas corpus under section 2241.").

For all of these reasons, Dunlap is not entitled to relief on the Privacy Act claims presented in his petition and the Court does not have jurisdiction over his challenge to his federal sentence. Thus, Dunlap's § 2241 petition will be denied.

Accordingly, it is hereby **ORDERED** as follows:

1. Dunlap's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED** as follows:

    a. To the extent that Dunlap's § 2241 petition [R. 1] asserts a claim seeking relief under the Privacy Act, this claim is **DENIED** without prejudice;

      b.      To the extent that Dunlap's § 2241 petition [R. 1] asserts a claim challenging the validity of his sentence, this claim is **DISMISSED** for lack of subject-matter jurisdiction;

2.      The Court will enter an appropriate judgment; and

3.      This matter is **STRICKEN** from the Court's docket.

This the 22nd day of August, 2022.



Signed By:
*William O. Bertelsman* WOB
United States District Judge